Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000266
18-AUG-2016
09:15 AM

NO. CAAP-16-0000266


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


JERRY ELDER, as Trustee of The Elder Trust,
Plaintiff-Appellant/Cross-Appellee,
v.
THE BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION,
Defendant-Appellee/Cross-Appellee,
and
ROBERT V. GUNDERSON, JR., and ANNE D. GUNDERSON,
Defendants-Appellees/Cross-Appellants,
and
JOHN DOES 1-100, JANE DOES 1-100, DOE PARTNERSHIPS 1-100,
and DOE CORPORATIONS 1-100, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 11-1-088K)

ORDER
GRANTING JULY 13, 2016 MOTION TO DISMISS
A PORTION, BUT NOT ALL, OF THE APPEAL IN
APPELLATE COURT CASE NUMBER CAAP-16-0000266
AND
SUA SPONTE DISMISSING CROSS-APPEAL IN ITS ENTIRETY
(By: Nakamura, Chief Judge, Fujise and Reifurth, JJ.)

Upon review of (1) Defendants/Defendants/Counterclaim-

Plaintiffs/Cross-Claim Plaintiffs/Appellees/Cross-Appellants

Robert V. Gunderson, Jr., and Anne D. Gunderson (the Gundersons)

July 13, 2016 motion to dismiss a portion (but not all) of

Plaintiff/Counterclaim-Defendant/Appellant/Cross-Appellee Jerry

Elder as Trustee of the Elder Trust's (Elder) appeal in appellate

court case number CAAP-16-0000266 for lack of appellate

jurisdiction, (2) Elder's July 2, 2016 memorandum in opposition

to the Gundersons' July 13, 2016 motion, and (3) the record, it appears that under Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2015), we have appellate jurisdiction over Elder's appeal to the limited extent that he seeks appellate review of the Honorable Ronald Ibarra's March 10, 2016 post-judgment order denying Elder's January 14, 2016 post-judgment motion for relief under Rule 60(b) of the Hawai'i Rules of Civil Procedure (HRCP) from the December 17, 2015 amended judgment in Civil No. 11-1-088K. However, Elder's appeal and the Gundersons' cross-appeal are both untimely under Rules 4(a)(1) and 4.1(b)(1) of the Hawai'i Rules of Appellate Procedure (HRAP), respectively, as to the December 17, 2015 amended judgment and all preceding interlocutory orders in Civil No. 11-1-088K.

We initially note that Elder's March 30, 2016 notice of appeal designates the following three documents for appellate review:

(1)  the December 17, 2015 amended judgment;

(2)  a December 17, 2015 interlocutory order; and

(3)  the March 10, 2016 post-judgment order denying Elder's January 14, 2016 post-judgment motion for HRCP Rule 60(b) relief from the December 17, 2015 amended judgment.

The Gundersons' April 13, 2016 notice of cross-appeal designates the following three documents for appellate review:

(1)  the December 17, 2015 amended judgment;

(2)  an October 31, 2014 findings of fact, conclusions of law and interlocutory order from the bench trial in Civil No. 11-1-088K; and

(3)  a September 23, 2013 interlocutory order.

The December 17, 2015 amended judgment resolved all claims

-2-

against all parties in Civil No. Civil No. 11-1-088K, and, thus, the December 17, 2015 amended judgment was an immediately appealable final judgment under HRS § 641-1(a), HRCP Rule 58, and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994). A timely appeal under HRAP Rule 4(a)(1) from the December 17, 2015 amended judgment would entitle the appealing party to appellate review of all preceding interlocutory orders under the principle that "[a]n appeal from a final judgment brings up for review all interlocutory orders not appealable directly as of right which deal with issues in the case." Ueoka v Szymanski, 107 Hawaiʻi 386, 396, 114 P.3d 892, 902 (2005) (citation and internal quotation marks omitted). However, Elder did not file his March 30, 2016 notice of appeal within thirty days after entry of the December 17, 2015 amended judgment, as HRAP Rule 4(a)(1) required for a timely appeal from the December 17, 2015 amended judgment.

HRAP Rule 4(a)(3)[1] enables a party to extend the initial thirty-day time period under HRAP Rule 4(a)(1) for filing a notice of appeal by filing a "timely" post-judgment tolling motion. For example, if any party had filed an HRCP Rule 59 post-judgment motion for reconsideration within ten days after

---

[1] Rule 4(a)(3) of the Hawaiʻi Rules of Appellate Procedure provides:

(3) Time to Appeal Affected by Post-Judgment Motions. If any party files a timely motion for judgment as a matter of law, to amend findings or make additional findings, for a new trial, to reconsider, alter or amend the judgment or order, or for attorney's fees or costs, the time for filing the notice of appeal is extended until 30 days after entry of an order disposing of the motion; provided that the failure to dispose of any motion by order entered upon the record within 90 days after the date the motion was filed shall constitute a denial of the motion.

(Emphases added).

entry of the December 17, 2015 amended judgment, then the time period for filing a notice of appeal from the December 17, 2015 amended judgment would have been extended under HRAP Rule 4(a)(3) until thirty days after entry of the post-judgment order that disposes of the post-judgment motion.

Elder filed a January 14, 2016 post-judgment motion for HRCP Rule 60(b) relief from the December 17, 2015 amended judgment, but that motion was not a timely filed tolling motion pursuant to HRAP Rule 4(a)(3). As a general rule, a motion brought under HRCP Rule 60(b) is not a tolling motion that extends the time to file a notice of appeal. Simbajon v. Gentry, 81 Hawai'i 193, 196, 914 P.3d 1386, 1389 (App. 1996). An exception to that general rule exists if the circumstances allow the circuit court to treat the HRCP Rule 60(b) post-judgment motion as a HRCP Rule 59 post-judgment motion. In this circumstance, "[a]n HRCP Rule 60(b) motion for relief from judgment may toll the period for appealing a judgment or order, but only if the motion is served and filed within ten (10) days after the judgment is entered." Lambert v. Lua, 92 Hawai'i 228, 234, 990 P.2d 126, 132 (App.1999) (citation omitted).

Here Elder did not file his January 14, 2016 post-judgment motion for HRCP Rule 60(b) relief within ten days after entry of the December 17, 2015 amended judgment, as HRCP Rule 59 required for a "timely" post-judgment motion. Therefore, Elder's January 14, 2016 post-judgment motion for HRCP Rule 60(b) relief did not toll the thirty day time period for filing a notice of appeal from the December 17, 2015 amended judgment. Consequently, Elder's March 30, 2016 notice of appeal is untimely under

-4-

HRAP Rule 4(a)(1) as to the December 17, 2015 amended judgment and all preceding interlocutory orders.

HRAP Rule 4.1(a) provides that "[i]f a party files a timely notice of appeal, any other party may . . . file a cross-appeal." (Emphasis added). The Gundersons did not file their April 13, 2016 notice of cross-appeal in response to a timely notice of appeal of the December 17, 2015 amended judgment or within thirty days after entry of the December 17, 2015 amended judgment. Therefore, the Gundersons' cross-appeal is likewise untimely as to the December 17, 2015 amended judgment and all preceding interlocutory orders.

The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of these rules.") Consequently, we lack appellate jurisdiction to review the December 17, 2015 amended judgment and all preceding interlocutory orders.

Unlike the Gundersons, Elder additionally seeks appellate review of the March 10, 2016 post-judgment order denying Elder's January 14, 2016 post-judgment motion for HRCP Rule 60(b) relief, which, under HRS § 641-1(a), is an independently appealable final post-judgment order. Ditto v. McCurdy, 103 Hawai'i 153, 160, 80 P.3d 974, 981 (2003); Bailey v. DuVauchelle, 135 Hawai'i 482, 490, 353 P.3d 1024, 1032 (2015). Elder filed his March 30, 2016 notice of appeal within thirty

days after entry of the March 10, 2016 post-judgment order as HRAP Rule 4(a)(1) requires for a timely appeal. Therefore, pursuant to HRS § 641-1(a), we have appellate jurisdiction over appellate court case number CAAP-16-0000266 to the limited extent that Elder seeks appellate review of the March 10, 2016 post-judgment order denying his January 14, 2016 post-judgment motion for HRCP Rule 60(b) relief from the December 17, 2015 amended judgment. Therefore,

IT IS HEREBY ORDERED that the Gundersons' July 13, 2016 motion to dismiss a portion (but not all) of Elder's appeal for lack of appellate jurisdiction is granted to the extent that Elder seeks appellate review of the December 17, 2015 amended judgment and preceding interlocutory orders. Elder's appeal shall proceed only to the extent that Elder seeks appellate review of the March 10, 2016 post-judgment order denying his January 14, 2016 post-judgment motion for HRCP Rule 60(b) relief.

IT IS FURTHER HEREBY ORDERED that the Gundersons' cross-appeal from the December 17, 2015 amended judgment (and preceding interlocutory orders) is dismissed in its entirety.

DATED: Honolulu, Hawai'i, August 18, 2016.

Chief Judge

Associate Judge

Associate Judge

-6-